## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:  JOSE H. RODRIGUEZ and                                        No. 13-04-15645 MR
        IRENE M. RODRIGUEZ,

        Debtors.

_____

JOSE H. RODRIGUEZ and
IRENE M. RODRIGUEZ,

        Plaintiffs,

v.                                                                   Adversary No. 08-1066 M

SELECT PORTFOLIO SERVICES, INC., f/k/a
FAIRBANKS CAPITAL CORPORATION, Individually
and as servicer for MANUFACTURERS & TRADERS
TRUST COMPANY, ONE M&T PLAZA, BUFFALO,
NY, 14203-2399, TRUSTEE FOR SECURITIZATION
SERIES 1998-1, AGREEMENT DATED 03-01-98,

        Defendants.

### ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING DEFENDANT TO SUBMIT AN ITEMIZED REQUEST FOR ATTORNEY'S FEES TO BE AWARDED DEFENDANTS AS A SANCTION FOR PLAINTIFF'S FAILURE TO COMPLY WITH SCHEDULING ORDER

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment and

Memorandum in Support ("Motion") filed by Select Portfolio Services, Inc. f/k/a Fairbanks

Capital Corporation, Individually and as servicer for Manufacturers & Traders Trust Company

for Securitization Series 1998-1, Agreement Dated 03-01-98 (hereafter "SPS").   Plaintiffs Jose

and Irene Rodriguez (together, Debtors) filed a memorandum in opposition to the Motion, and

SPS filed a reply.   The Court held a final hearing on the Motion on January 22, 2009 and took

the matter under advisement.   After consideration of the Motion, the response, and the reply, the

Court finds that although Debtors' failure to timely respond to SPS's discovery requests and

failure to comply with the Court's Scheduling Order warrant the imposition of sanctions against the Debtors, genuine issues of material fact preclude the entry of summary judgment in favor of SPS. Accordingly, the Court will deny the Motion.

## BACKGROUND

The issue before the Court, at its core, concerns Debtors' post-petition payment history on their loan to SPS. There has been a long history between the Debtors and SPS, both pre- and post-petition, including a pre-petition foreclosure action in state court that resulted in the entry of summary judgment in favor of SPS; Debtors' counsel's late response to SPS's motion for relief from stay filed in the Debtors' bankruptcy proceeding that ultimately resulted in the entry of a Stipulated Order Modifying the Stay ("Stipulated Order"); and the Debtors' filing of this adversary proceeding in response to SPS's third notice of default on post-petition payments.

Debtors' failure to timely respond to SPS's discovery requests, and failure to comply with the deadlines set forth in the Court's scheduling order have hampered the efficient resolution of this adversary proceeding. But SPS has otherwise failed to support its Motion with sufficient documentary evidence or affidavit testimony from which the Court can conclude that there is no genuine issue of material fact.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P. The party requesting summary judgment must demonstrate to the Court that the undisputed facts entitle the movant to

2

judgment as matter of law.[1]  The party opposing summary judgment may not rest upon

allegations or denials contained in its own pleading, but must "set out specific facts showing a

genuine issue for trial." Rule 56(e)(2), Fed.R.Civ.P.. To successfully defend against a motion for

summary judgment, the affidavits and/or other documentation offered by the party opposing

summary judgment must contain probative evidence that would allow a trier of fact to find in

Defendant's favor.[2]  In determining whether summary judgment should be granted, the Court

must view the facts in the light most favorable to the party opposing summary judgment.[3]

## UNDISPUTED FACTS

The following facts are not in dispute:

1.  Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on April

21, 2004.

2.  Pre-petition, SPS instituted foreclosure proceedings against the Debtors in state court

as Case No. CV-02-448, which resulted in the entry of summary judgment in favor of SPS.

3.  SPS filed a Motion for Relief from Stay on April 29, 2005.  Counsel for the Debtors

---

[1] *See Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  ("[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact.").

[2]*Anderson v. Liberty Lobby,* 477 U.S. 242, 249-250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

[3]*Harris v. Beneficial Oklahoma, Inc., (In re Harris),* 209 B.R. 990, 995 (10th Cir. BAP 2007)("When applying this standard, we are instructed to 'examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.' "))*Wolf v. Prudential Ins. Co. of America,* 50 F.3d 793, 796 (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990)(internal quotation marks omitted); *Henderson v. Inter-Chem Coal Co.,* 41 F.3d 567, 569 (10th Cir. 1994)(stating that the court must "view all facts and any reasonable inferences that might be drawn from them in the light most favorable to the nonmoving party . . .").

filed a late response to the Motion for Relief from Stay, and an order was entered granting SPS

relief from the automatic stay. SPS agreed to set aside the order granting relief from stay, and

the parties entered into the Stipulated Order which provided for the cure of 13 post-petition

payments.

4. SPS filed and served on the Debtors a first Notice of Default and an Amended Notice

of Default on April 11, 2007, stating that SPS had charged 6 late fees of $10.00 each and

$100.00 in attorneys' fees. Pursuant to the Amended Notice of Default, SPS claimed a total

default amount in the amount of $2,671.54.

5. Debtors objected to the Amended Notice of Default, denying that they were in arrears

on post-petition payments and attaching money order receipts to their objection.

6. Upon investigation, SPS confirmed that funds had been tendered by Debtors' counsel

pursuant to the Stipulated Order, but that SPS had not negotiated the check.

7. On May 10, 2007, counsel for the Debtors re-issued a certified check from his Trust

Account payable to SPS in the amount of $2,671.54.

8. SPS withdrew its Amended Notice of Default on May 16, 2007.

9. SPS filed a third Notice of Default on April 24, 2008, claiming that Defendants were

three post-petition payments past due, and assessing three additional late charges of $10.00 each

and $100.00 in attorneys' fees.

10. Debtors filed a Complaint for Unfair Debt Collection Practices and Damages

("Complaint") on May 15, 2008, alleging that SPS has engaged in a pattern of conduct between

October 2001 and April 26, 2008 in assessing improper late fees and other charges against

borrowers even when payments were not late.

4

11.  SPS withdrew the third Notice of Default on June 27, 2008 to allow for resolution of all issues regarding the defaults through this adversary proceeding.

12.  An Order Resulting from Scheduling Conference ("Scheduling Order") was entered in this adversary proceeding on July 16, 2008.  *See* Docket No. 7.  The Scheduling Order required Debtors to submit their portion of the pre-trial order to SPS by October 20, 2008, and to submit the consolidated pre-trial order to the Court by November 10, 2008.

13.  Counsel for SPS and counsel for the Debtors attempted to reach an agreement regarding an extension of the deadlines contained in the Scheduling Order, but no order extending deadlines was entered in this adversary proceeding.

14.  SPS served a request for admissions and a request for production of documents on Debtors and their counsel on September 8, 2006   *See* Certificate of Service.  Docket No. 8.

15.  Debtors did not provide discovery responses to SPS in a timely manner.  *See* Plaintiffs' Memorandum in Opposition to "Defendant's Motion for Summary Judgment and Memorandum in Support" ("Response"), Exhibit 2 - Email from Mr. Houston's office acknowledging that "[i]t appears that we have some overdue discovery due to your office."

16.  Debtors have not submitted a consolidated pre-trial order to the Court.

17.  On November 13, 2008, Debtors filed a Motion to Extend Discovery Deadlines, which the Court denied on December 4, 2008.  *See* Docket No. 10 and Docket No. 16.

DISCUSSION

A.    <u>Debtors' Failure to Timely Respond to SPS's Discovery Requests, and Failure to Adhere to the Deadlines Contained in the Scheduling Order Warrant the Imposition of Sanctions</u>

In accordance with Rule16(f), Fed.R.Civ.P. and Rule 37(b)(2)(C), Fed.R.Civ.P., made

5

applicable to adversary proceedings by Rules 7016 and 7037, Fed.R.Bankr.P., failure to comply

with the Court's scheduling orders may result in the imposition of sanctions, including dismissal.

*See* Rule 37(b)(2)(A)(v), Fed.R.Civ.P. and Rule 16(f), Fed.R.Civ.P.  The Court may raise the

issue of non-compliance with its scheduling orders and impose sanctions under Rule 16(f),

Fed.R.Civ.P. on its own motion.  Rule 16(f), Fed.R.Civ.P.   Upon a finding that a party has failed

to comply with the Court's scheduling orders,

> the court must order the party, its attorney, or both to pay the reasonable expenses --
> including attorney's fees – incurred because of any noncompliance with this rule, unless
> the noncompliance was substantially justified or other circumstances make an award of
> expenses unjust.
>
> Rule 16(f)(2), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7016,
> Fed.R.Bankr.P.

Similarly, failure to cooperate in the discovery process by failing to respond to requests for

admissions or requests for production can result in the imposition of sanctions; and, if the

requesting party is forced to file a motion to compel discovery, and the Court grants the motion,

> the court must require the party failing to act, the attorney advising that party, or both to
> pay the reasonable expenses, including attorney's fees, caused by the failure, unless the
> failure was substantially justified or other circumstances make an award of expenses
> unjust.
>
> Rule 37(d)(3), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7037,
> Fed.R.Bankr.P.

In this case, there may have been some mis-communication regarding the possible extension of

the deadlines contained in the Scheduling Order.  However, Debtors waited until after the

deadlines expired before filing a motion to extend the deadlines.  In addition, by their own

admission, they failed to timely respond to SPS's discovery requests.  *See* Response, Exhibit 2.

Such failures warrant an award of attorney's fees to SPS in accordance with Rule 37 and Rule

6

16, Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7037 and Rule 7016, Fed.R.Bankr.P.

SPS has not filed a motion for sanctions against Debtors based on their failure to respond to discovery, but instead, requested as part of their Motion that its requests for admissions be deemed admitted in accordance with Rule 36(a)(3), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7036, Fed.R.Bankr.P.[4]   "[T]he court has the discretion to refuse to give evidentiary effect to admissions where doing so would defeat the primary purpose of the rules, which is to decide disputes on their merits." *Lu v. Liu  (In re Liu),* 282 B.R. 904, 911 (Bankr.C.D.Cal. 2002)(citation omitted).

Under the circumstances of this case, where Debtors made a belated effort to seek an extension of the deadlines, and where, as discussed below, genuine issues of material fact otherwise preclude summary judgment, the Court will not deem SPS's requests for  admissions admitted.   Instead, the Court will award SPS attorney's fees incurred in preparing its Motion as a sanction for Debtors' failure to timely respond to SPS's discovery requests and Debtors' failure to comply with the deadlines contained in the Scheduling Order.

B.      Genuine Issues of Material Fact Preclude Summary Judgment

Debtors' Complaint alleges that SPS has engaged in a pattern of conduct with regard to

---

[4]Rule 36(a)(3), Fed.R.Civ.P. provides:

> *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.  A shorted or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

> Rule 36(a)(3), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7036, Fed.R.Bankr.P.

7

Debtors' and other loans in which SPS assessed late fees and other charges even when the borrowers' monthly payments were not late, and that SPS has engaged in unfair and unconscionable practices in violation of the New Mexico Unfair Practices Act, NMSA 1978 § 57-12-1 through § 57-12-26 (Cum Supp. 2008). Attached to the Complaint are copies of Postal Service Money Orders showing customer receipt of payments representing the Debtors' January, February, March, and April 2008 monthly mortgage payments to SPS. The Complaint also references a class action suit filed against SPS's predecessor, Fairbanks Capital Corp., for unfair trade practices which was settled for $40,000,000.00.

In seeking summary judgment, SPS argues that the class-action suit against SPS is not relevant to demonstrate a pattern of behavior between SPS and the Debtors; that SPS was entitled to assess late charges and attorneys' fees in accordance with the Stipulated Order and its loan documents; that, because it withdrew the third Notice of Default the Debtors suffered no damages; and that even if SPS should not have issued the third Notice of Default, one improper act fails to establish a pattern of behavior. The Court agrees that the class-action suit against SPS referenced by the Debtors in their Complaint is not relevant to this adversary proceeding inasmuch as it fails to demonstrate a pattern of behavior exercised by SPS with regard to the Debtors' loan. However, the record before the Court is insufficient to support SPS's remaining arguments.

SPS's Motion and reply assert that the Debtors' payments were late and that SPS was entitled to charge the fees in accordance with its loan documents, the terms of the Stipulated Order, and "the general practice of the Bankruptcy Court." *See* Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment, ¶ 3 (Docket No. 17). Yet, SPS failed to attach a

8

copy of the Stipulated Order, the Mortgage or the underlying Note to support its Motion. Nor has SPS filed an affidavit in support of its Motion to establish that Debtors' payments were late or not received, and that no late charges or attorneys' fees remain charged to Debtors' account based upon SPS's third notice of default. Absent such evidence, the Court cannot conclude that SPS was entitled to charge the late fees and attorneys' fees at issue. Debtors attached to their response copies of three money orders representing the payments SPS claimed in the third notice of default were not received. Viewed in the light most favorable to the party opposing summary judgment, the charges assessed by SPS in its notices of default may establish a pattern of behavior that violates the Unfair Practices Act.

WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

ORDERED FURTHER, that, within 10 days of the date of entry of this order, SPS file an affidavit itemizing the attorney's fees expended in connection with this Motion. Any objection to SPS's attorney's fees must be filed within 10 days of the date of the filing of SPS's affidavit of attorney's fees.

ORDERED FURTHER, that Debtors' portion of the pre-trial order is due to Defendant by **Monday, March 16, 2009.**

ORDERED FURTHER, that the consolidated pre-trial order, including a list of all persons who will or may be called to testify, a list of consented-to exhibits, and a list identifying exhibits to which the parties cannot agree, along with copies of all marked exhibits must be submitted to the Court, care of Chris Wilson, Courtroom Deputy to Judge McFeeley, no later than **Friday, March 27, 2009.**

ORDERED FINALLY, that on **Monday, April 6, 2009 at 11:00am,** a pre-trial

9

conference will be held before the Honorable Mark B. McFeeley in the judge's conference room, thirteenth floor, Dennis Chavez Federal Building and United States Courthouse, 500 Gold Avenue SW, Albuquerque, New Mexico.  Counsel/parties may appear via telephone at the pre-trial conference if arrangements are made with the chambers of Judge McFeeley (505-348-2545), at least one business day prior to the date set.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket:  March 4, 2009

COPY TO:

Glen L. Houston                                     Elizabeth Dranttel
Attorney for Plaintiffs                             Attorney for Defendant
1304 W. Broadway Pl                                 7430 Washington Street NE
Hobb, NM 88240                                      Albuquerque, NM 87109

10